UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
                                                             :
WELLS FARGO BANK, N.A., not in its                           :
individual capacity but solely as trustee for RMAC           :
REMIC Trust, Series 2009-9,                                  :
                                         Plaintiff,          :
                                                             :
                                                             :
              -v-                                            :          13 Civ. 0485 (JPO)
                                                             :
                                                             :
FARRIN ULLAH, a/k/a Farrin B. Ullah; ASSET                   :          OPINION AND ORDER
ACCEPTANCE LLC; INTERNAL REVENUE                             :
SERVICE; BOARD OF MANAGERS OF THE                            :
COLUMBIA CONDOMINIUM; JOHN DOES                              :
#1–10, said names being fictitious and unknown to            :
the plaintiff, the persons or parties unknown to the         :
plaintiff, the persons or parties being the tenants,         :
occupants, persons, corporations, if any, having or          :
claiming an interest in or lien upon the premises            :
described in the complaint,                                  :
                                         Defendants.         :
                                                             :
------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

        Wells Fargo filed this action seeking to foreclose on a property owned by Defendant

Farrin Ullah.  Ullah has moved to dismiss the complaint under Rule 12(b) of the Federal Rules of

Civil Procedure.  For the reasons that follow, her motion is granted.

I.      **Background**

        This action is Wells Fargo's second attempt to foreclose on the contested property.  The

judgment dismissing the first foreclosure attempt turned on the ability of Mortgage Electronic

Registration Systems, Inc., or MERS, to convey Ullah's mortgage to another party.  Some

background information about MERS is in order.

        MERS is an electronic system that attempts to circumvent public recording requirements

for mortgages.  *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp. 2d 341,

347 (S.D.N.Y. 2012).  Lenders give MERS nominal title to a mortgage, and MERS records the

mortgage with the county clerk.  *Id.*  MERS refers to itself as a "nominee," acting as an agent for

purposes of recording, but representing that all substantive interest in the mortgage remains in

the hands of the lender.  *Id.*  It is the lender, not MERS, who holds the note secured by the

mortgage.  *See id.*  When mortgages are transferred between two entities that both use MERS,

MERS merely makes a private record of the transfer.  *Id.*  There is no public record of mortgage

transfers between entities that use MERS; instead, MERS is the mortgagee of record with the

county clerk until the mortgage is transferred to an entity that is not a MERS customer.  *See id.*

The New York Supreme Court Appellate Division, Second Department, recently held

that many of MERS's attempts to convey the right to foreclose on a mortgage were nullities.

*Bank of N.Y. v. Silverberg*, 86 A.D. 3d 274 (2d Dep't 2011).  MERS frequently purported to take

title to a mortgage as nominee while the lender retained the accompanying note that the

mortgage was intended to secure.  *Id* at 278–79.  But New York law prohibits separation of a

note and the mortgage securing it; transfer of a note implies transfer of the accompanying

mortgage, and transfer of a mortgage without the note it secures is a nullity.  *Id.* at 280.

Therefore, the power to foreclose on a mortgage lies with the holder of the note it secures.  *Id.*

*Silverberg* held that this principle applies to MERS as a nominee: if MERS holds a mortgage as

nominee for the purpose of recording, but not the accompanying note, MERS cannot foreclose

on the mortgage or convey the power to do so.  *Id.* at 282–83.

Defendant Farrin Ullah's mortgage was one such mortgage held by MERS as a nominee.[1]

Ullah mortgaged a property in November 2006.  Wells Fargo alleges that Ullah delivered the

mortgage and a note for $880,750.00 to MERS as nominee for her lender.  Ullah then defaulted

---

[1] Wells Fargo alleged the following facts in the complaint unless otherwise noted.

on her obligations under the note in August 2008.  One year later, in September 2009, ACT

Properties, LLC filed a foreclosure action in state court.  *ACT Props., Inc. v. Ullah*,

No. 115258/09 (N.Y. Sup. Ct., N.Y. Cnty. dismissed Aug. 16, 2012).  Wells Fargo alleges that

MERS conveyed Ullah's note and mortgage to ACT in October 2009.  After Ullah answered

ACT's state court complaint in December 2009, the state court action remained dormant for

more than two years.

In June 2011, ACT allegedly conveyed Ullah's note and mortgage to Wells Fargo as

trustee for RMAC.  Wells Fargo began prosecuting the state court foreclosure action in its

capacity as trustee.  When Wells Fargo moved for summary judgment, Ullah failed to respond,

and the court entered a judgment of foreclosure in January 2012.  *ACT Props., Inc.*,

No. 115258/09 (N.Y. Sup. Ct., N.Y. Cnty. Jan. 31, 2012).  Ullah later filed a motion seeking (1)

to vacate the judgment of foreclosure and (2) to grant her summary judgment based on

*Silverberg*.  *ACT Props., Inc.*, No. 115258/09, at 2 (Aug. 16, 2012).  Ullah argued that MERS

never held the note secured by her mortgage; without the note, MERS was incapable of

conveying a right of foreclosure to ACT.  *Id.*  ACT therefore lacked standing to file a foreclosure

suit against her.

In an August 2012 opinion, the state court held that Ullah demonstrated excusable

default, granted her motion to vacate the judgment of foreclosure, and granted her motion for

summary judgment.  *Id.*  Relying on *Silverberg*, the state court held that "MERS did not have,

nor could it convey the note and it is [the] note that conveys title to the mortgage.  Absent an

assignment or physical possession of the note, ACT did not have the power to foreclose on

Ullah's loan."  *Id.* at 9.  As a result, ACT did not have standing to file the first foreclosure action

against Ullah.  *Id.*

Wells Fargo filed this action as trustee for RMAC in January 2013. Ullah has moved under Rule 12(b) to dismiss the complaint on the following grounds: (1) "lack of jurisdiction and venue," (2) lack of standing, (3) failure to serve process, (4) failure to state a claim, and (5) failure to join a necessary party.

## II.    Discussion

### A.    Legal Standard

Ullah has filed a general motion under Rule 12(b), but she raises grounds for dismissal that call for different legal standards.   A motion to dismiss the complaint for lack of subject matter jurisdiction arises under Rule 12(b)(1). Motions under Rule 12(b)(1) may attack either the sufficiency or the truth of the allegations supporting subject matter jurisdiction. *Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 404 (S.D.N.Y. 2002); *see generally* Wright & Miller, Fed. Prac. & Proc.: Civ. 3d § 1350. When a defendant attacks the truth of the allegations, the Court may consider competent evidence outside the pleadings. *Giammatteo v. Newton*, 452 Fed. App'x 24, 28 (2d Cir. 2011) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). The plaintiff must demonstrate subject matter jurisdiction by a preponderance of the evidence. *Id.* (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

Ullah's other grounds for dismissal are subject to a different standard. Under a section entitled "Lack of Jurisdiction and Venue," Ullah makes a one-sentence argument that "[t]his case should be dismissed because it was already tried in the best venue for a foreclosure." Later, under a section entitled "Lack of Standing to Assert Claims," Ullah argues that the state court action determined that Wells Fargo lacks standing to foreclose on her property. She also has submitted a copy of the state court decision in support of her motion to dismiss. The Court interprets these arguments to raise an affirmative defense of issue preclusion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Cf. Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253

(2d Cir. 1994) ("[I]ssue preclusion in no way implicates jurisdiction.  Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

A complaint states a claim if it makes a short, plain statement of a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To determine whether a complaint satisfies this standard, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Id.*  But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions.  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the defendants acted unlawfully.  *Id.*  Although issue preclusion is an affirmative defense which is ordinarily pleaded in an answer, a defendant can raise issue preclusion in a motion to dismiss by arguing that the plaintiff's well-pleaded factual allegations, together with court records, are sufficient to establish that preclusion is appropriate.  *See Michaelesco v. Estate of Richard*, 355 Fed. App'x 572, 573 (2d Cir. 2009) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)) (discussing claim preclusion).

### B.    Application

#### 1.    Subject Matter Jurisdiction

Wells Fargo has brought this action under the Court's diversity jurisdiction, 28 U.S.C. § 1332.  Section 1332 grants district courts subject matter jurisdiction over cases where more than $75,000 is at issue and the plaintiffs and the defendants are citizens of different states.  Diversity must be complete; in other words, the plaintiff cannot be a citizen of the same state as any defendant.  *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998).  But the Court must disregard the citizenship of parties who are added solely to manufacture or destroy complete

diversity; in other words, the Court will consider only the citizenship of parties who are "real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (collecting cases).

When a case involves assets that belong to a trust, the trustee is a real and substantial party if it has customary powers to hold, manage, and dispose of the trust assets. *Id.* ("[The trustees] have legal title; they manage the assets; they control the litigation. In short, they are real parties to the controversy."); *Dodge v. Tulleys*, 144 U.S. 451, 455–56 (1892) (holding that citizenship of trustee controls for diversity purposes: "The suit is in the name of Tulleys, trustee, to whom the legal title was conveyed in trust, and who was therefore the proper party in whose name to bring suit for foreclosure."); *see Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 123–24 (2d Cir. 2008) (Sotomayor, J.) (discussing diversity jurisdiction over case filed by trustee: "the citizenship of the fiduciary—not the beneficiary—generally controls"). Without such customary powers, the trustee is a "naked trustee" with no interest in the underlying litigation. *Navarro*, 446 U.S. at 465 (quoting *McNutt v. Bland*, 43 U.S. 9, 13–14 (1844) (describing trustee who "cannot prevent the institution or prosecution of the suit, nor has he any control over it")). If a trustee is truly a naked trustee, the trust's beneficiaries are the real parties to the controversy, and their citizenship will control for diversity purposes.

Ullah argues that diversity jurisdiction is lacking for two reasons. First, Ullah cites *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219 (S.D.N.Y. 2013), for the proposition that the citizenship of a trust is determined by the citizenship of its trustees and beneficiaries. This action was filed by a trustee, not a trust. *Mills* is not applicable to this case.

Second, Ullah argues that RMAC is a partnership because RMAC elected to be treated as a Real Estate Mortgage Investment Conduit, or REMIC, for tax purposes. Ullah claims that REMICS must be partnerships, and she further claims that RMAC's "representative"—

representative for what purposes is entirely unclear—is a New York citizen, and his citizenship should control for diversity purposes.  This argument is meritless because a trust is permitted to file taxes as a REMIC.[2]  Although a REMIC is treated *like* a partnership for tax purposes, a REMIC need not be an *actual* partnership.  *See* 26 U.S.C. § 860D (defining REMICs).  REMIC status is available to many types of entities meeting the definition in § 860D, including trusts. RMAC's status as a REMIC in no way undermines its status as a trust.

Because the Court has a duty to police subject matter jurisdiction on its own motion, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), the Court notes that Wells Fargo has demonstrated diversity of citizenship by a preponderance of the evidence. Wells Fargo filed this action in its capacity as trustee; therefore, Wells Fargo's citizenship will control for diversity purposes so long as it has power to hold, manage, and dispose of the trust assets on RMAC's behalf.  The Pooling Agreement that established the trust transferred "all right, title, and interest" in the trust assets to Wells Fargo as trustee for the benefit of Certificateholders, who own a percentage interest in the trust.  (Elliott Decl. Ex. I, Dkt. No. 30.)  Wells Fargo has all the customary powers of a trustee, and therefore, its citizenship will control for diversity purposes. *Cf. WBCMT 2007-C33 NY Living, LLC v. 1145 Clay Ave. Owner, LLC*, __ F. Supp. 2d __, 2013 WL 4017712, at *4 (S.D.N.Y. July 30, 2013) (holding plaintiff LLC's citizenship controlled in a diversity action seeking foreclosure where the LLC held "all right, title, and interest" in the loan documents).

---

[2] The argument is also unpersuasive because a partnership's citizenship is determined by its members, not its "representatives."  *Carden v. Arkoma Associates*, 494 U.S. 185 (1990).

The parties do not dispute that Wells Fargo is the only Maryland citizen that is a party to this action,[3] and they do not dispute that more than $75,000 is at issue in this case. This case therefore falls within the Court's diversity jurisdiction.

## 2. Issue Preclusion

The Court has interpreted Ullah's motion to raise an affirmative defense of issue preclusion.[4] The preclusive effect of a state court judgment is determined by that state's law. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 92–93 (2d Cir. 2005). New York law recognizes issue preclusion as a "rigid rule[] of limitation." *Moore v. U.S. Dep't of Educ.*, 457

---

[3] Wells Fargo named ten John Doe defendants to account for the possibility that, unbeknownst to Wells Fargo, there are additional parties who have an interest in Ullah's property. Many district courts within the Second Circuit agree that the citizenship of unidentified defendants is irrelevant for purposes of diversity jurisdiction, so long as the defendants remain unidentified. *Marcelo v. EMC Mortg. Corp.*, 2011 WL 1792671, at *2 n.3 (E.D.N.Y. May 6, 2011); *Zaccaro v. Shah*, 746 F. Supp. 2d 508, 516 (S.D.N.Y. 2010); *Doe v. Ciolli*, 611 F. Supp. 2d 216, 220 (D. Conn. 2009). The Second Circuit has not registered disagreement with this principle. *See U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 Fed. App'x 30 (2d Cir. 2012) (considering diversity foreclosure action against John Doe defendants without discussing the issue); *cf., e.g., Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88 (2d Cir. 2010) (considering diversity action against John Doe defendants without discussing the issue); *City of N.Y. v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 435–36, 52–57 (2d Cir. 2008) (same), *overruled on other grounds sub nom. Hemi Grp., LLC v. City of N.Y.*, 559 U.S. 1 (2010).

[4] To the extent that Ullah intended to argue that this suit is barred by the *Rooker-Feldman* doctrine, her motion is denied. Wells Fargo is not alleging injury based on a state court judgment; rather, Wells Fargo is alleging injury based on Ullah's failure to make payments due under the note. This action therefore asserts a claim that is "independent" of the state court judgment for *Rooker-Feldman* purposes. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87–88 (2d Cir. 2005) ("The fact that the state court chose not to remedy [an] injury does not transform [a] subsequent federal suit on the same matter into an appeal, forbidden by *Rooker-Feldman*, of the state-court judgment.").

To the extent that Ullah intended to raise an affirmative defense of claim preclusion, her motion is denied. Claim preclusion applies only following a final judgment on the merits. *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y. 3d 105, 122 (2008). Dismissal for lack of standing is not a judgment on the merits that triggers claim preclusion. *Landau, P.C. v. LaRossa, Mitchell & Ross*, 11 N.Y. 3d 8, 14 (2008) (citing *Schulz v. State*, 81 N.Y. 2d 336, 347 (1993); *Town of Hardenburgh v. State*, 52 N.Y. 2d 536, 540 (1981)). The state court foreclosure action was dismissed for lack of standing.

Fed. App'x 10, 12 (2d Cir. 2011) (quoting *People v. Evans*, 94 N.Y.2d 499, 503 (2000)).  After a New York court decides an issue in a given case, no party to that case may dispute the same issue in a new lawsuit.  *City of N.Y. v. Welsbach Elec. Corp.*, 9 N.Y. 3d 124, 128 (2007) (citing *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y. 2d 343, 349 (1999)).  To demonstrate issue preclusion, the party seeking preclusion must show that the identical issue was necessarily decided in a prior action.  *Howard v. Stature Elec., Inc.*, 20 N.Y. 3d 522, 525 (2013) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y. 2d 449, 455 (1985)).  If so, the party opposing preclusion will lose unless it can establish that it lacked a "full and fair opportunity to litigate" the issue in the prior action.  *Id.* (citing *Kaufman*, 65 N.Y. 2d at 456).

Wells Fargo already lost a foreclosure action against Ullah in state court.  The state court determined that MERS did not hold Ullah's note, and therefore, MERS was incapable of conveying Ullah's note, or the right to foreclose on her mortgage, to a third party.   This determination was necessary to the state court holding that neither ACT nor Wells Fargo had standing to foreclose on the mortgage: their alleged title to the note and mortgage was predicated on a valid conveyance from MERS to ACT.

Wells Fargo has raised an identical issue in this case: Wells Fargo alleges that MERS validly conveyed Ullah's note and mortgage to ACT in 2009.  This issue was necessarily decided against Wells Fargo in the state court foreclosure action.  Wells Fargo is therefore precluded from relitigating this issue, unless it demonstrates that it lacked a full and fair opportunity to litigate the question in state court.

Wells Fargo has not made any such argument—nor could it.  The state court opinion specifies that, in response to Ullah's motion for summary judgment, Wells Fargo's attorney "asserted" that ACT had physical possession of the note when it filed the state court foreclosure action.  *ACT Props., Inc.*, No. 115258/09, at 7.  Whether this assertion was in motion papers or

an affidavit is unclear, but it is also inconsequential, because the state court either rejected counsel's argument or declined to credit his affidavit.  This passage in the state court opinion makes it clear that Wells Fargo knew about this issue, had the opportunity to contest the issue, took the opportunity to contest the issue, and lost.  Wells Fargo is therefore precluded from relitigating the issue here.   The Court must evaluate Wells Fargo's allegations in light of the state court's determination that MERS did not validly convey Ullah's note and mortgage to ACT.

### 3.    Standing

Any plaintiff who files a complaint in federal court must have standing to seek relief. *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  Standing is the threshold question in every federal case; if the plaintiff does not have standing, the court does not have the power to decide her claims.  *Warth*, 422 U.S. at 498.  Standing has three elements: first, the plaintiff must have suffered an injury in fact; second, the injury must be "fairly traceable" to the defendant's actions that the plaintiff challenges; and third, it must be likely that a decision in the plaintiff's favor would redress her injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

There is now a crucial gap in Wells Fargo's allegations supporting standing.  The Court has determined that, in light of the state court foreclosure action, the parties are precluded from asserting that MERS validly conveyed Ullah's note and mortgage to ACT.  This holding breaks the chain of valid conveyances from MERS to ACT to Wells Fargo—and the complaint does not allege any other means by which Wells Fargo came to hold the note and mortgage.  The complaint therefore fails to allege facts sufficient to support a reasonable inference that Ullah has caused Wells Fargo any legally cognizable injury.  The complaint must be dismissed for lack of standing.

C.      **Leave to Amend**

Wells Fargo has not requested permission to amend the complaint if the Court grants this motion to dismiss.  While leave to amend a complaint must be given "freely . . . when justice so requires,"  Fed. R. Civ. P. 15(a)(2), "no court can be said to have erred in failing to grant a request that was not made."  *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 126 (2d Cir. 2013) (citation omitted).  This action is dismissed.

III.   **Conclusion**

For the foregoing reasons, Defendant's motion to dismiss the complaint is GRANTED for lack of standing.  The Clerk of Court is directed to terminate the motion at Docket No. 22 and close this case.

SO ORDERED.

Dated: New York, New York
       February 6, 2014

                                                      _____
                                                      J. PAUL OETKEN
                                                      United States District Judge