UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                               :

WELLS FARGO BANK, N.A., not in its        :
individual capacity but solely as trustee for   :
RMAC REMIC Trust, Series 2009-9,         :
                               Plaintiff,   :

                    -v-                      :       13 Civ. 0485 (JPO)

FARRIN ULLAH, a/k/a Farrin B. Ullah; ASSET :   OPINION AND ORDER
ACCEPTANCE LLC; INTERNAL REVENUE    :
SERVICE; BOARD OF MANAGERS OF THE     :
COLUMBIA CONDOMINIUM; JOHN DOES     :
#1–10, said names being fictitious and unknown :
to the plaintiff, the persons or parties unknown to :
the plaintiff, the persons or parties being the    :
tenants, occupants, persons, corporations, if any, :
having or claiming an interest in or lien upon the :
premises described in the complaint,         :
                               Defendants. :
                                              :
----------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       Plaintiff Wells Fargo has moved for reconsideration of the Court's opinion and order dismissing this action for failure to plead standing. Defendant Farrin Ullah has not filed an opposition. For the reasons that follow, Wells Fargo's motion is denied, except to the extent that the Court, upon reconsideration, grants leave to file an amended complaint. This opinion assumes familiarity with the relevant background facts.

       A motion for reconsideration is an extraordinary remedy that may not be used to consider facts, issues, or arguments that were not previously before the Court. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). Instead, the movant must demonstrate that the Court overlooked "controlling decisions or factual matters" that were before the Court in the first instance. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P.

59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009). Courts must construe these motions narrowly and strictly apply the reconsideration standard "to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (quotation marks & citations omitted).

## I.    Issue Preclusion

Wells Fargo's first argument is that the issues to be determined by this Court are not identical to the issues that were determined in the state foreclosure action, and therefore, issue preclusion does not apply. In Wells Fargo's view, the state court holding is limited to the following proposition: Wells Fargo did not introduce evidence sufficient to prove that MERS conveyed the note to ACT before ACT filed the state court action. In other words, the state court holding did not directly rule on the validity of a purported conveyance from MERS to ACT—it only ruled on the sufficiency of Wells Fargo's evidence. Wells Fargo also characterizes the state court opinion as granting a motion to dismiss, emphasizing that such dismissal was without prejudice to refiling. Therefore, the argument goes, there is no issue preclusion with respect to standing. Yet (according to Wells Fargo) this Court held that Wells Fargo was precluded from relitigating the issue of standing.

There are three flaws in this argument. First, Wells Fargo misunderstands this Court's holding regarding issue preclusion. The Court did not hold that Wells Fargo was precluded from relitigating the issue of standing. The Court held that Wells Fargo was precluded from

relitigating a narrower legal issue: whether MERS validly conveyed the note to ACT prior to the state court action.

Second, Wells Fargo misunderstands the state court holding. The state court granted Ullah's motion for summary judgment, not a motion to dismiss. *ACT Props., Inc. v. Ullah*, No. 115258/09 at 9 (N.Y. Sup. Ct., N.Y. Cnty. Aug. 16, 2012) ("Farrin B. Ullah's motion for summary judgment . . . on the basis that plaintiff does not have standing to maintain and prosecute this action is granted in its entirety. . . ."). A court granting summary judgment does not merely hold that the losing party has failed to introduce sufficient evidence. The court conclusively decides legal issues because no rational jury could find otherwise. N.Y. C.P.L.R. § 3212 ("The motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party."); 18A Wright & Miller, Fed. Prac. & Proc. Juris. 2d § 4444 ("Both claim preclusion and issue preclusion result from summary judgments that rest on the lack of any genuine issue of material fact going to the merits of claim or defense."). It is true, as Wells Fargo highlights, that the state court held that there was "no proof that ACT obtained physical possession of the note prior to its commencement of this action." *ACT Props, Inc.*, No. 115258/09 at 7. The state court also held that "MERS never had physical possession of the note" and "[t]he assignment by MERS to ACT . . . only renders this action a nullity as MERS did not have, nor could it convey the note and it is the note that conveys title to the mortgage." *Id.* at 7, 9. This holding necessarily rests on resolution of a legal issue: prior to the state court action, MERS did not convey Ullah's note to ACT by written assignment or physical delivery. The holding is not an invitation to return to court and try again with better evidence of the same claim. That is the precise absurdity that issue preclusion is intended to prevent. Wright & Miller § 4416 ("[T]he principle is simply that later courts should honor the first actual decision of a

matter that has been actually litigated."). Wells Fargo had a full and fair opportunity to prove a valid conveyance from MERS to ACT, and it lost. That loss is final.

Third, Wells Fargo misunderstands the respects in which the state court opinion was without prejudice to further litigation. Wells Fargo repeatedly makes the bald assertion that the state court "granted Borrower's motion to dismiss **without prejudice**." A glance at the state court's opinion, however, reveals that only claims "against the other nominally named defendants"—defendants other than Farrin Ullah—were explicitly dismissed without prejudice. *Id.* at 10. It is possible that Wells Fargo intended to rely not on explicit language in the opinion, but on the general principle that dismissals for lack of standing are dismissals without prejudice (although Wells Fargo does not mention this principle in its moving papers). In any event, the Court will assume that Wells Fargo relies on the general rule.

Dismissals for lack of standing are dismissals without prejudice because standing may ebb and flow. A party without standing may later acquire it. But this requires some change in circumstances. Once a court determines that a given set of circumstances does not constitute a case or controversy, that decision is final. *See Coll. Sports Council v. Dep't of Educ.*, 465 F.3d 20, 22 (D.C. Cir. 2006) (per curiam) (holding previous dismissal for lack of standing had preclusive effect where there were "no material differences" between the complaints in the first and second actions); *Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000) ("Perry cannot escape the preclusive effect of *Perry I* by the rote intonation that this is not a judgment on the merits. The determination that Perry lacked standing in *Perry I* precludes relitigation of the same standing argument in *Perry II*."). Dismissal is without prejudice so that, under *different* circumstances, a plaintiff may come back into court to present the same claim. Wright & Miller § 4436 ("Dismissals for want of justiciability . . . should preclude relitigation of the very issue of justiciability actually determined, but do[] not preclude a second action on the same claim if the

justiciability problem can be overcome."). Here, Wells Fargo has come back to court arguing that the *same* circumstance—a chain of written conveyances from Ullah to MERS to ACT to Wells Fargo—is sufficient to confer standing on Wells Fargo. But another court has already held that these transfers were nullities. The state court decision was without prejudice to Wells Fargo's bringing its foreclosure claim under different circumstances—for example, where it obtained physical possession of the note—that are sufficient to confer standing. But issue preclusion prohibits Wells Fargo from relitigating the transfer from MERS to ACT in a second suit. The motion to reconsider the Court's holding with respect to issue preclusion is denied.

## II. Physical Possession of the Note

Second, Wells Fargo argues that it had standing to file this action because ACT physically delivered the note to Wells Fargo, thus validly assigning the note and mortgage. Wells Fargo points out that it initially raised this argument in opposition to Ullah's motion to dismiss. But facts supporting standing must be alleged in the complaint, *Warth v. Seldin*, 422 U.S. 490, 518 (1975), and it would have been error for the Court to rely on information outside the pleadings to decide this issue. Wells Fargo argues that "the original Note was physically transferred to [Wells Fargo] as evidenced by the Allonge to the Note." (Pl.'s Mem. in Support at 8.) Nothing in the complaint suggests that the allonge memorialized physical delivery of the note or that Wells Fargo has physical possession of the note. *See* Compl. ¶¶ 9–13 & Ex. D (allonge to the note). The complaint alleges that Wells Fargo has standing to bring this action solely on the basis of a written assignment—the validity of which Wells Fargo is precluded from relitigating. The motion to reconsider the Court's holding with respect to standing is denied.

## III. Leave to Amend

This Court previously declined to grant Wells Fargo leave to amend because it had not requested such leave. In moving for reconsideration, Wells Fargo now requests leave to amend

the complaint to allege facts in support of standing. Ullah has not opposed this motion. Wells Fargo's motion is granted.

## III. Conclusion

For the foregoing reasons, Wells Fargo's motion for reconsideration is denied, except that reconsideration is granted to the extent that leave to file an amended complaint is granted. Wells Fargo may file an amended complaint within thirty days. The Clerk of Court is directed to terminate the motion at Docket No. 33. The Clerk shall reopen this case and permit Wells Fargo to file an amended complaint within 30 days.

SO ORDERED.

Dated: May 21, 2014
       New York, New York

_____
J. PAUL OETKEN
United States District Judge