UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WELLS FARGO BANK, N.A., not in its
individual capacity but solely as trustee for
RMAC REMIC Trust, Series 2009-9,
                                Plaintiff,

                    -v-

FARRIN B. ULLAH, *et al.*,
                                Defendants.

13-CV-485 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Defendant Farrin Ullah moves to vacate the Court's decision dated June 15, 2015. (Dkt. No. 104.) In its June 15, 2015, Opinion and Order, the Court granted summary judgment for Plaintiff Wells Fargo and denied Ullah's motion to dismiss. (Dkt. No. 79.) In a Judgment dated July 7, 2015, the Court ordered the foreclosure and sale of Ullah's property. (Dkt. No. 87.)

      Ullah has twice moved for reconsideration of the Court's decisions, unsuccessfully. On August 14, 2015, the Court denied Ullah's motion to reconsider its June 15, 2015, grant of summary judgment and denied Ullah's motion for leave to appeal *in forma pauperis*. (Dkt. No. 96.) And on October 5, 2015, the Court denied Ullah's motion to reconsider the judgment of foreclosure and sale. (Dkt. No. 101.) Ullah now seeks to again challenge the Court's June 15, 2015, decision.

      "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Pablo Star Ltd. v. Welsh Gov't*, No. 15 Civ. 1167, 2016 WL 2745849, at *1 (S.D.N.Y. May 11, 2016) (quoting *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)) (internal quotation marks omitted). In order to prevail on a motion for reconsideration, a movant must demonstrate "(i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to

1

correct clear error or prevent manifest injustice." *Id.* (citing *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580-81 (S.D.N.Y. 2013)). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cioce v. Cty. of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005).

Having reviewed Ullah's submissions—and having construed them liberally, in accordance with Ullah's *pro se* status—the Court concludes that it overlooked neither a controlling issue of law nor a crucial fact in the record. Nor has Ullah presented new evidence that justifies a grant of reconsideration, especially in light of the Court's two prior denials. (*See* Dkt. No. 96; Dkt. No. 101.)

Ullah's arguments in the current motion focus on two issues, both of which have been fully litigated before this Court. First, Ullah claims that Wells Fargo lacks standing due to improper service. (Dkt. No. 104 at 2-13.) However, the Court already addressed and rejected this argument in its ruling on the motion for summary judgment. (Dkt. No. 79 at 13-14.) Second, Ullah challenges Wells Fargo's standing on the basis that Wells Fargo did not possess the underlying note and mortgage. (Dkt. No. 104 at 13-23.) But the Court also addressed and rejected this argument at summary judgment, concluding specifically that Wells Fargo had proved physical possession. (Dkt. No. 79 at 9-10.) The Court reiterated this conclusion in its ruling on Ullah's first motion for reconsideration. (Dkt. No. 96 at 2.) Ullah has presented no new evidence on either of these issues that might reasonably be expected to alter the Court's previous conclusions.

In light of the foregoing, Ullah's motion is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 104.

SO ORDERED.

Dated: July 6, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*

3